UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT TOUSSIE,

                    Plaintiff,

        - against -

ALLSTATE INSURANCE COMPANY,
ALAN RODRIGUEZ INSURANCE
AGENCY, INC., AND GEORGE J
SCHLOTT, INC.

                    Defendants.

---

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No. _____**

Robert Toussie ("Plaintiff") brings this lawsuit against Allstate Insurance Company ("Allstate"), Alan Rodriguez Insurance Agency, Inc. ("Alan Rodriguez Agency") and George J Schlott, Inc. ("Schlott") (collectively "Defendants") and states as follows:

## PRELIMINARY STATEMENT

1.      On November 29, 2012, Robert Toussie, a 45-year resident of Manhattan Beach, Brooklyn, had his oceanfront home and oceanfront business offices destroyed by SuperStorm Sandy.  Mr. Toussie experienced millions of dollars of losses due to flooding and ocean surge.  Since 1978, Mr. Toussie had maintained flood policies with Allstate.  Allstate has refused to pay him for his flood losses.

## NATURE OF THE LAWSUIT

2.      This Complaint is for breach of contract, negligence, and conversion, arising out of Allstate's refusal to provide coverage under a flood insurance policy.  Plaintiff has brought this Complaint to enforce his rights to full coverage for his losses; for breach of the insurance policy sold by Allstate; for consequential damages caused by such breach; and in the alternative, for damages that Allstate's agents

caused by breaching a contract with Plaintiff and by negligently misapplying and converting an insurance premium payment and failing to notify Plaintiff of what Allstate contends was the subsequent policy cancellation or non-renewal.

## THE PARTIES

3.     Robert Toussie is a homeowner in and resident of Brooklyn, New York, and is a significant shareholder of Allstate.

4.     Upon information and belief, Defendant Allstate Insurance Company is incorporated in Illinois with its principal place of business in Northbrook, Illinois.

5.     Upon information and belief, Defendant Alan Rodriguez Agency is incorporated in New York with its principal place of business in Glen Cove, New York.

6.     Upon information and belief, Defendant George J Schlott, Inc. is incorporated in the State of New York with its principal place of business in Kings Park, New York.

7.     Upon information and belief, Schlott or its predecessor in interest purchased the Alan Rodriguez Agency and is a successor in interest to the Alan Rodriguez Agency.

8.     For purposes of this Complaint, the Alan Rodriguez Agency and Schlott are referred to as the "Agent."

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action under 42 U.S.C. § 4053 and 28 U.S.C. § 1367(a).

10.     Venue is proper in this district under 42 U.S.C. § 4053 because the insured property is situated in the Eastern District of New York.

2

**FACTUAL BACKGROUND**

11.     Defendants sold Plaintiff a flood insurance policy, no. 1804646493 ("the Policy"), in effect since about 1978, that covers Mr. Robert Toussie's home at 290 Exeter Street, Brooklyn, New York (the "Property").

12.     The Policy is a Standard Flood Insurance Policy ("SFIP") sold by Allstate in connection with the National Flood Insurance Program.

13.     Mr. Toussie purchased the Policy and pays premiums on the Policy through the Agent.

14.     The Agent holds itself out as, and acts as, the agent of Allstate.

15.     Mr. Toussie paid all of the premiums due under the Policy since the 1970s, including all premiums due for the time period relevant to this Action.

16.     Year after year, Mr. Toussie would receive a notice that a premium was due on the Policy, and year after year he paid his premium on time.

17.     In or about December 2009, Mr. Toussie received a renewal notice regarding the Policy and in or about January 2010, Mr. Toussie sent a check to the Agent to pay the premium due on the Policy.  Mr. Toussie specifically put the policy number in the check's memo line, indicating to the Agent to apply the check to the premium due on the Policy and contacted the Agent to renew the Policy.

18.     Allstate cashed Mr. Toussie's check for the 2009-10 renewal premium payments for the Policy in connection with his home at 290 Exeter Street.  A copy of the cancelled check is attached hereto as Exhibit A.

19.     Thereafter, Mr. Toussie continued to submit annual premium payments for the Policy for the 2010-2011 and 2011-2012 policy periods.

3

20.     From January 2010 until November 2012, Mr. Toussie was never told by Allstate or the Agent that the Policy was not being renewed, that the Policy was being cancelled or that the Policy was expiring.

21.     In November 2012, SuperStorm Sandy caused millions of dollars in flood damage to the Property and its contents.  Attached hereto as Exhibit B are pictures showing flood damage to the structure and contents of Mr. Toussie's home located at 290 Exeter Street and office property, as well as a document issued by the New York City Department of Buildings, indicating that Mr. Toussie's home was totally destroyed by SuperStorm Sandy.

22.     Mr. Toussie contacted Allstate and provided timely notice of the damage to his Property and of his insurance claim under the Policy.

23.     On or about January 30, 2014, Mr. Toussie's insurance claim was denied on the grounds that the Policy was not renewed for the 2009-2010 policy period.

24.     Allstate's denial was based on the fact that the Agent made a mistake and applied Mr. Toussie's January 2010 check to a different policy and different property owned by someone other than Mr. Toussie – despite the fact that Mr. Toussie's check clearly referenced the policy number for the Policy covering 290 Exeter Street in the check's memo line.

25.     The Agent's mistake in misapplying and redirecting the premium check designated for 290 Exeter Street was never disclosed or brought to Mr. Toussie's attention until after his home at 290 Exeter Street was devastated by SuperStorm Sandy.

4

26.     Neither Allstate nor the Agent had permission or authority to apply the January 2010 check to any policy or property other than the Policy covering 290 Exeter Street.

27.     After Sandy struck, Defendants admitted that a "mistake was made by [a] former agent and the former staff that was employed here." *See* Email Correspondence from Stephen Hammond, dated December 5, 2012, copy attached hereto as Exhibit C.  Defendants further admitted that "the payment was applied to a separate flood policy that Mr. Toussie has with Allstate. . . . [T]his was not Mr. Toussie's fault, but to the Flood department."  *See id.*  Defendants further admitted that "the check was written out for the terminated policy and it should have been processed accordingly."  *Id.*

28.     Mr. Toussie never received notice that the Policy was being cancelled or not renewed in 2010 or anytime thereafter, prior to the time that he submitted his insurance claim following SuperStorm Sandy.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Allstate)

29.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 28 as if fully set forth herein.

30.     Plaintiff has performed all of his duties consistent with the terms and conditions of the Policy.

31.     Allstate has breached the Policy by refusing or failing to honor the terms of the Policy and denying or failing to provide coverage to Mr. Toussie for the flood damage to his Property, including the structural damage covered under Coverage

5

A of the Policy, the contents damage covered under Coverage B of the Policy, and the debris removal costs covered under Coverage C of the Policy.

32.     As a result of Allstate's breach of its obligations under the Policy, Plaintiff has suffered direct damages.

33.     Plaintiff further has incurred costs and expenses from Allstate's failure to provide coverage up to the Policy's limits.

34.     Given Allstate's failure to provide notice to Mr. Toussie of cancellation or non-renewal of the Property's flood insurance coverage at any time after Allstate cashed the renewal premium check for the 2009-2010 policy period, Allstate's no-coverage position is without factual or legal merit. *See* 42 U.S.C. § 4012a(b)(7)(C) (a private flood insurance policy must include "a requirement for the insurer to give 45 days' written notice of cancellation or non-renewal of flood insurance coverage to the insured"); 42 U.S.C. § 4104a(c); FEDERAL EMERGENCY MANAGEMENT AGENCY, FLOOD INSURANCE MANUAL, STANDARD FLOOD INSURANCE POLICY RENEWALS FORM, at REN 1 ("The National Flood Insurance Program must issue a notice of expiration not less than 45 days before the expiration of the flood insurance policy by first-class mail to the owner of the property") *available at* http://www.fema.gov/media-library-data/3604b56971f9710a3a32e8706558beb0/12_policyrenewal_508_oct2013.pdf; *Beverly v. Macy*, 702 F.2d 931 (11th Cir. 1983) (incorporating the Flood Insurance Manual's provisions into the Standard Flood Insurance Policy in a breach of contract action against an insurance company); *Colombo v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 91874 (E.D. La. Dec. 11, 2007); *Zeman v. Zack Agency, Inc.*, 75 A.D.2d 261 (2d Dep't 1980) ("in the absence of an explicit notice of nonrenewal in conformity with the

6

statute, and in the absence of a bill for a renewal premium due upon the expiration date of the policy, an insurance policy remains in effect, and is deemed renewed beyond its expiration date, even in the absence of payments of premiums"); *Fireman's Fund Ins. Co. v. Hartford Cas. Ins. Co.*, 616 N.Y.S.2d 874 (N.Y. Sup. 1994).

35.    Allstate is obligated to pay Plaintiff the amount of $350,000, representing the full limits of the Policy.

36.    By reason of the foregoing, Allstate is liable to Mr. Toussie for compensatory and consequential damages, including but not limited to reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

### SECOND CLAIM FOR RELIEF
(Negligence Against the Agent,
in the Alternative to the First Claim for Relief)

37.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 36 as if fully set forth herein.

38.     After Mr. Toussie received notice in December 2009 that a premium payment was due on the Policy, he sent a check in the amount due in January 2010 to the Agent, which amounted to an instruction to the Agent to renew the Policy.

39.    Thereafter, Mr. Toussie contacted the Agent to renew the Policy.

40.    The Agent owed a duty to Mr. Toussie to follow his instructions and procure the requested insurance.

41.    The Agent also owed Mr. Toussie a duty to notify Mr. Toussie of a cancellation or non-renewal of the Policy.

42.     For years prior to 2009 and since, Mr. Toussie was induced by the Agent to purchase many Allstate policies from and/or to continue to renew and maintain pre-existing Allstate policies through the Agent, covering fine arts, cars, and other property in addition to the Policy on his 290 Exeter Street home.

43.     Apart from and in addition to the Agent's general duty of disclosure and to follow instructions, Mr. Toussie specifically had instructed the Agent to monitor the insurance placements purchased through the Agent and to inform Mr. Toussie about the status of his insurance policies, including but not limited to any actual or potential lapses in coverage, and the Agent agreed to these instructions.

44.     Mr. Toussie relied on the Agent to manage and keep track of the insurance policies that Mr. Toussie purchased from Allstate through the Agent.

45.     Upon information and belief, the Agent negligently applied Mr. Toussie's January 2010 premium payment to a policy covering a property owned by someone other than Mr. Toussie.

46.     In misapplying and redirecting the payment, the Agent breached its duty to Mr. Toussie to apply his premium payments to the correct policy.

47.     Despite numerous ongoing communications between Mr. Toussie and the Agent in 2010 through 2012 about the various Allstate insurance policies that Mr. Toussie purchased through the Agent, the Agent failed to notify Mr. Toussie that the Policy had not been renewed or had been terminated by Allstate.

48.     The Agent's failure to notify Mr. Toussie of the possible or actual cancellation or non-renewal of the flood insurance Policy covering the oceanfront home in which he resided for the previous 45 years is reckless and shocking and in

8

contravention of the express agreement between Mr. Toussie and the Agent to monitor Mr. Toussie's accounts.  This is especially so given the fact that the Agent routinely would end phone calls with Mr. Toussie about his Allstate insurance policies by stating that "all is in order, Mr. Toussie," or words to that effect.

49.     In failing to notify Mr. Toussie that the Policy possibly or actually was cancelled or not renewed, the Agent breached its duty to Mr. Toussie.

50.     Mr. Toussie timely paid the premiums due on the Policy every year since the late 1970s.

51.     If Mr. Toussie had been advised in or after 2010 that the Policy had not been renewed or had been cancelled, he would have taken the necessary steps to make sure that flood insurance coverage for the Property was in effect at all relevant times.

52.     When Mr. Toussie learned after Sandy struck that Allstate was taking the position that the Policy was no longer in effect, he promptly secured flood insurance coverage from Fidelity National Insurance Company.

53.     But for the Agent's conduct described above, Mr. Toussie would have had coverage for the flood damage that SuperStorm Sandy caused to the Property and its contents.

54.     After Mr. Toussie presented his insurance claim for damage from SuperStorm Sandy, Allstate refused to cover the claim on the grounds that the Policy was no longer in effect because the Agent applied Mr. Toussie's renewal check to a wrong policy and property in 2010.

nydocs1-1030296.8

55.     The acts or omissions of the Agent alleged above proximately caused Mr. Toussie's inability to recover on his insurance claim under the Policy for what otherwise indisputably was covered flood damage to his Property.

56.     By reason of the foregoing, the Agent is liable to Mr. Toussie for compensatory and consequential damages, including but not limited to reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

### THIRD CLAIM FOR RELIEF
(Breach of Contract Against The Agent,
in the Alternative to the First Claim for Relief)

57.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 56 as if fully set forth herein.

58.     Mr. Toussie entered into an agreement with the Agent to monitor insurance placements purchased though the Agent and to inform Mr. Toussie about the status of his insurance policies.

59.     Mr. Toussie also entered into an agreement with the Agent to renew the Policy in January 2010.

60.     In exchange for these promises from the Agent, Mr. Toussie agreed to use the Agent to procure insurance coverage and/or continue to renew and maintain pre-existing coverage through the Agent instead of going to other Allstate authorized insurance agents and/or insurance carriers.

61.     In keeping with these agreements, Mr. Toussie used the Agent to procure insurance coverage, and upon information and belief, the Agent received commissions and/or other compensation in connection with such insurance placements.

10

62.    The Agent breached the agreements by failing to monitor insurance placements purchased though the Agent, by failing to adequately inform Mr. Toussie about the status of his insurance policies, and by failing to renew the Policy in January 2010.

63.    But for the Agent's breach, Mr. Toussie would have had coverage for the flood damage that SuperStorm Sandy caused to the Property and its contents.

64.    The Agent's breach caused Mr. Toussie's inability to recover on his insurance claim under the Policy for what otherwise indisputably was covered flood damage to his Property.

65.    By reason of the foregoing, the Agent is liable to Mr. Toussie for compensatory and consequential damages, including but not limited to reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Vicarious Liability for Negligence Against Allstate, in the Alternative to the First and Second Claims for Relief)

66.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 65 as if fully set forth herein.

67.    The Agent holds and has always held itself out as an agent of Allstate and was acting as an agent of Allstate when it received Mr. Toussie's check in January 2010.

68.    The Agent was acting as an agent of Allstate when it negligently applied the check to the wrong policy and property.

69.     The Agent was acting as an agent of Allstate when it negligently failed to notify Mr. Toussie that the Policy possibly or actually was cancelled or not renewed.

70.     As an agent of Allstate, the Agent's negligent acts are imputed to Allstate.

71.     The acts or omissions of an agent of Allstate alleged above proximately caused Mr. Toussie's inability to recover on his insurance claim under the Policy for what otherwise indisputably was covered flood damage to his Property.

72.     By reason of the foregoing, Allstate is liable to Mr. Toussie for compensatory and consequential damages, including but not limited to reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

## FIFTH CLAIM FOR RELIEF
(Conversion Against the Agent,
in the Alternative to the First Claim for Relief)

73.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 72 as if fully set forth herein.

74.     In January 2010, Mr. Toussie wrote a check to Allstate to renew the Policy.

75.     He sent the check to the Agent with an instruction in the check's memo line to apply the check to the Policy.

76.     At all relevant times, Mr. Toussie owned, possessed, and/or was entitled to immediate possession of the check and the account funds from which the check was drawn.

12

77.     The Agent used the check to pay the premium of a different insurance policy and a different property that Mr. Toussie did not own.

78.     The Agent did not have permission or authority to use the check for any purpose other than to pay the insurance premium for the Policy covering Mr. Toussie's home at 290 Exeter Street.

79.     In using the check for an unauthorized purpose, the Agent converted Mr. Toussie's check and the account funds from which the check was drawn.

80.     The acts or omissions of the Agent alleged above foreseeably and proximately caused Mr. Toussie's inability to recover on his insurance claim under the Policy for what otherwise indisputably was covered flood damage to his home at 290 Exeter Street and the contents at that Property.

81.     By reason of the foregoing, the Agent is liable to Mr. Toussie for compensatory and consequential damages, including but not limited to reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

### SIXTH CLAIM FOR RELIEF
(Vicarious Liability for Conversion Against Allstate,
in the Alternative to the First and Fifth Claims for Relief)

82.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 81 as if fully set forth herein.

83.     The Agent holds and has always held itself out as an agent of Allstate and was acting as an agent of Allstate when it received Mr. Toussie's check in January 2010.

13

84.     While acting as an agent of Allstate, the Agent used the check to pay the premium of an insurance policy for a property that Mr. Toussie did not own.

85.     The Agent did not have permission or authority to use the check for any purpose other than to pay the insurance premium for the Policy covering Mr. Toussie's home at 290 Exeter Street.

86.     While acting as an agent of Allstate, the Agent used the check for an unauthorized purpose, converting Mr. Toussie's check and the account funds from which the check was drawn.

87.     As an agent of Allstate, the Agent's act of conversion is imputed to Allstate.

88.     The acts or omissions of an agent of Allstate alleged above foreseeably and proximately caused Mr. Toussie's inability to recover on his insurance claim under the Policy for what otherwise indisputably was covered flood damage to his Property.

89.     By reason of the foregoing, Allstate is liable to Mr. Toussie for compensatory and consequential damages, including but not limited to reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a. With respect to the First Cause of Action for breach of contract, an award against Allstate of compensatory, direct and consequential damages,

14

including costs of suit, attorneys' fees and costs, in an amount to be determined at trial, plus pre- and post-judgment interest.

b. With respect to the Second Cause of Action for negligence, an award against the Agent for compensatory, direct and consequential damages, including costs of suit, attorneys' fees and costs, in an amount to be determined at trial, plus pre- and post-judgment interest.

c. With respect to the Third Cause of Action for breach of contract, an award against the Agent for compensatory, direct and consequential damages, including costs of suit, attorneys' fees and costs, in an amount to be determined at trial, plus pre- and post-judgment interest.

d. With respect to the Fourth Cause of Action for vicarious liability for negligence, an award against Allstate for compensatory, direct and consequential damages, including costs of suit, attorneys' fees and costs, in an amount to be determined at trial, plus pre- and post-judgment interest.

e. With respect to the Fifth Cause of Action for conversion, an award against the Agent for compensatory, direct and consequential damages, including costs of suit, attorneys' fees and costs, in an amount to be determined at trial, plus pre- and post-judgment interest.

f. With respect to the Sixth Cause of Action for vicarious liability for conversion, an award against Allstate for compensatory, direct and consequential damages, including costs of suit, attorneys' fees and costs,

15

in an amount to be determined at trial, plus pre- and post-judgment

interest.

g.   All other relief in law or equity that this Court may deem just and

appropriate.

Dated:  April 30, 2014

By:   /s/ Marshall Gilinsky

ANDERSON KILL, P.C.
Marshall Gilinsky, Esq. (MG-8398)
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 278-1000

ATTORNEYS FOR PLAINTIFF

16

nydocs1-1030296.8