UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

**ALL RELATED CASES**

------------------------------------------------------------X

**ORDER**

14 MC 41

## CASE MANAGEMENT ORDER NO. 7

On May 22, 2014, a mediation training was held in the Eastern District of New York ("EDNY"), for the mediators and arbitrators who are participating in the Hurricane Sandy Mediation Program. The purpose of the Program and this training is to ensure expeditious and efficient resolution of the vast majority of the over 1,000 Hurricane Sandy cases that have now been filed in the EDNY. In order to ensure that the cases are ready for mediation and that both sides have all the information necessary to hold productive settlement discussions, the Magistrate Judges Hurricane Sandy Committee (the "Committee") met on the afternoon of May 22, 2014 with Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, and counsel for the Federal Emergency Management Agency ("FEMA"), to discuss outstanding discovery issues in the Hurricane Sandy cases, as well as several other issues that must be resolved before certain cases may proceed with mediation.

Based on that conference, the Committee Orders as follows:

(1) In approximately 200 cases, counsel for plaintiffs, working with a public adjustor

1

known as Canopy Claims Management, filed Proof of Loss documents based upon a conclusory formula, rather than an itemized Proof of Loss based upon an inspection. These claims – referred hereto as "placeholder" claims – were filed in an effort to comply with the then-expiring (but since extended) deadline for filing Proofs of Loss. Plaintiffs' counsel has advised that in many of these cases, these placeholder claims were later supplemented with detailed, itemized Proof of Loss documents. The question remains whether FEMA intends to contest these claims based upon the assertion that the placeholder claims constitute a violation of the NFIP policy, or whether the agency will consent to allow withdrawal of the placeholder claims in favor of the subsequently filed documents. In the alternative, FEMA may consent – particularly in light of the extension of the Proof of Loss deadline – to permit withdrawal of the placeholder claims and the related litigation, and allow policyholders to proceed through the administrative process, refiling litigation only if claims are not successfully resolved. It is the expectation of this Court that before a case proceeds to mediation, these outstanding Proof of Loss issues will have been resolved.

By **June 6, 2014**,[1] FEMA will indicate to the Court, whether it intends (1) to contest claims based upon the filing of placeholder Proofs of Loss, notwithstanding later supplementation; (2) to consent to continued litigation based upon the supplemental Proof of Loss documents; and/or (3) to permit withdrawal of the placeholder claims and litigation, allowing claimants to continue with administrative review.

---

[1] The initial deadline of May 30, 2014, which was set at the May 22, 2014 conference, was subsequently extended by the Court to June 6, 2014 at FEMA's request.

2

(2) By **June 6, 2014**, Plaintiffs' and Defendants' Liaison Counsel are to meet and confer in good faith regarding any outstanding discovery issues in the Hurricane Sandy cases, as required by Local Civil Rule 37.3(a) of the Eastern District of New York. The parties are expected to fully comply with all of the case management orders issued by this Court.

(3) The parties are to comply with the requirement that within 14 days of the completion of the expedited discovery set forth in Case Management Order Number 1 ("CMO 1"), the parties in each case must file a stipulation with the Court indicating whether they intend to proceed with court-annexed mediation or arbitration, or with private mediation. Such a stipulation must be filed regardless of whether counsel believes the case is ready for either mediation or arbitration. As Ordered by the Court on May 9, 2014, the parties were Ordered to submit copies of these stipulations for mediation and arbitration to Liaison Counsel by May 22, 2014 and to indicate on such stipulations whether the parties are seeking to use private mediators or the Court's mediation program. If a stipulation has not been filed in a timely fashion in accordance with CMO 1, the parties are Ordered to file the stipulations by **June 13, 2014**. Copies of the stipulations are to be provided to Liaison Counsel. By **June 20, 2014**, Liaison Counsel are directed to provide a list of the cases and selections.

(4) By **June 13, 2014**, Plaintiffs' and Defendants' Liaison Counsel are to provide a list to the Court, identifying (a) those cases that are ready for mediation, (b) those cases in which discovery remains to be completed, but the parties have set forth a schedule to complete such discovery, and (c) those cases that, due to intractable legal issues, require court intervention.

The Court is hopeful that by **June 13, 2014**, the vast majority of the Hurricane Sandy cases will be ready to move forward with mediation/arbitration. The undersigned are in the process of developing a process by which cases will be assigned to the mediators.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**
Dated: Brooklyn, New York
      June 4, 2014

                                              /S/ CHERYL L. POLLAK
                                              Cheryl L. Pollak
                                              United States Magistrate Judge

                                              /S/ GARY BROWN
                                              Gary Brown
                                              United States Magistrate Judge

                                              /S/ RAMON E. REYES, JR.
                                              Ramon E. Reyes, Jr.
                                              United States Magistrate Judge