UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

IN RE HURRICANE SANDY CASES

-----------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

**CASES LISTED IN APPENDIX A[1]**

-----------------------------------------------------------X

**REPORT and**
**RECOMMENDATION**
14 MC 41

On February 21, 2014, the Committee of three magistrate judges appointed to help

manage over 1,000 civil actions arising from Hurricane Sandy filed in this district (the

"Committee") entered Case Management Order No. 1 ("CMO 1").  CMO 1 noted that defendants

had identified a number of cases in which plaintiffs had sought certain types of damages, such as

punitive or treble damages, and alleged certain state law claims, including bad faith or negligent

claims handling, that were not cognizable in New York.  The Court directed plaintiffs to either

voluntarily dismiss such claims, or alternatively, to "submit a letter to the assigned judge,

explaining the legal basis for continuing to pursue such claims in any particular action."  (CMO 1

at 5-6).  The plaintiffs in the cases listed in Appendix A failed to respond to this clear directive in

CMO 1.

For the reasons stated herein, the Court respectfully recommends that the district judges

presiding in each of the above-captioned actions dismiss the state law claims and claims for

---

[1]Appendix A contains a list of cases that this Court has identified, in which plaintiffs have
not dismissed certain state law claims and requests for damages addressed in this Order.  While
the list in Appendix A is intended to be comprehensive, the Court notes that additional cases may
exist in which this issue arises.  To the extent such cases are identified, this CMO shall apply.

damages that are not available under New York law.

DISCUSSION

A.      Prior Decisions

Prior to the issuance of CMO 1, decisions had been entered in several Hurricane Sandy

cases pending in this district dismissing certain state law claims and requests for certain types of

relief, based on the finding that these claims were not viable under New York law.  See, e.g.,

Esposito v. Ocean Harbor Cas. Ins. Co., No. 13 CV 7073, 2013 WL 6835194 (E.D.N.Y. Dec. 19,

2013) (dismissing claims for consequential, punitive, and treble damages for defendant's

purported breach of the implied covenant of good faith and fair dealing, and violations of Section

349 and 350 of the New York General Business Law); Funk v. Allstate Ins. Co., No. 13 CV

5933, 2013 WL 6537031, at *1-5 (E.D.N.Y. Dec. 13, 2013) (dismissing, *sua sponte*, plaintiffs'

claims for breach of the implied covenant of good faith and fair dealing, fraudulent

misrepresentation and inducement, and violations of Sections 349 and 350 of the New York

General Business Law); Hamlet v. Great Lakes Reinsurance (UK) PLC, No. 13 CV 5941, 2013

WL 6408667, at *2-7 (E.D.N.Y. Dec. 3, 2013) (dismissing plaintiff's claims for

misrepresentation and inducement, breach of the implied covenant of good faith and fair dealing,

and New York General Business Law claim); Dufficy v. Nationwide Mut. Fire Ins. Co., No. 13

CV 6010, 2013 WL 6248529, at *1-4 (E.D.N.Y. Dec. 2, 2013) (dismissing, *sua sponte*,

plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and violations

of Sections 349 and 350 of the New York General Business Law).

Specifically, in Funk, the court found that plaintiffs had not alleged the elements

2

necessary to assert a cognizable claim for fraudulent inducement under New York law.  See Funk
v. Allstate Ins. Co., 2013 WL 6537031, at *2-3.  In order to bring a fraudulent inducement claim
in a case arising from a breach of contract, "'a plaintiff must either:  (i) demonstrate a legal duty
separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent
misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are
caused by the misrepresentation and unrecoverable as contract damages.'"  Id. at *3 (citing Wall
v. CSX Transp., Inc., 471 F.3d 410, 416 (2d Cir. 2006); Bridgestone/Firestone Inc. v. Recovery
Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996)).  In Funk, the court concluded that plaintiffs
had not alleged a legal duty owed by defendant separate from its duty to perform under the
insurance policies, and that the only misrepresentations alleged related to defendant's obligations
under the insurance policies.  Id.  Moreover, given that plaintiff did not seek special damages,
the court *sua sponte* dismissed plaintiffs' claims of fraudulent misrepresentation and inducement.
Id.

    In Funk, Esposito, and Dufficy, plaintiffs' claims for breach of the implied covenant of
good faith and fair dealing were dismissed because "'New York law . . . does not recognize a
separate cause of action for breach of the implied covenant of good faith and fair dealing when a
breach of contract claim, based upon the same facts, is also pled.'"  Funk v. Allstate Ins. Co.,
2013 WL 6537031, at *4 (citing Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81
(2d Cir. 2002); Fleisher v. Phoenix Life Ins. Co., 858 F. Supp. 2d 290, 299 (S.D.N.Y. 2012)); see
also Esposito v. Ocean Harbor Cas. Ins. Co., 2013 WL 6835194, at *1-2; Dufficy v. Nationwide
Mut. Fire Ins. Co., 2013 WL 6248529, at *2 (citations omitted).  In these cases, the court
concluded that if both claims of breach of contract and breach of the implied covenant of good

faith and fair dealing are pleaded based on the same set of facts, the latter claims should be dismissed. Funk v. Allstate Ins. Co., 2013 WL 6537031, at *4 (citing Cruz v. FXDirectDealer, LLC (FXDD), 720 F.3d 115, 125 (2d Cir. 2013)); Esposito v. Ocean Harbor Cas. Ins. Co., 2013 WL 6835194, at *1-2; Dufficy v. Nationwide Mut. Fire Ins. Co., 2013 WL 6248529, at *2 (citation omitted). Therefore, in both Funk and Dufficy, plaintiffs' claims for breach of the implied covenant of good faith and fair dealing were *sua sponte* dismissed as redundant. See Funk v. Allstate Ins. Co., 2013 WL 6537031, at *4; Dufficy v. Nationwide Mut. Fire Ins. Co., 2013 WL 6248529, at *2 .

In addition, both Funk and Dufficy note that the complaints in each case also failed to state a claim for bad faith denial of insurance coverage, which requires, *inter alia*, that defendant's conduct be actionable as a tort, independent of the underlying contract. Funk v. Allstate Ins. Co., 2013 WL 6537031, at *4 (citing, *inter alia*, Sichel v. Unum Provident Corp., 230 F. Supp. 2d 325, 328 (S.D.N.Y. 2002)); Dufficy v. Nationwide Mut. Fire Ins. Co., 2013 WL 6248529, at *2 (citing same). The courts found that plaintiffs failed to "allege a tort independent of their respective contract with Defendant," and thus failed to state a claim for bad faith denial of insurance coverage. Funk v. Allstate Ins. Co., 2013 WL 6537031, at *4; Dufficy v. Nationwide Mut. Fire Ins. Co., 2013 WL 6248529, at *2.

Finally, in Funk and Dufficy, the courts *sua sponte* dismissed plaintiffs' claims under Sections 349 and 350 of the New York General Business Law for failure to state a claim. See Funk v. Allstate Ins. Co., 2013 WL 6537031, at *5; Dufficy v. Nationwide Mut. Fire Ins. Co., 2013 WL 6248529, at *3-4. The courts explained that 'in order to state a claim under either Section 349 or Section 350, a plaintiff must allege actual injury," Funk v. Allstate Ins. Co., 2013

4

WL 6537031, at *5 (citing <u>Ritani, LLC v. Aghjayan</u>, 880 F. Supp. 2d 425, 449 (S.D.N.Y. 2012));

<u>Dufficy v. Nationwide Mut. Fire Ins. Co.</u>, 2013 WL 6248529, at *3 (citing, *inter alia*, <u>Lebowitz</u>

<u>v. Dow Jones Co., Inc.</u>, 847 F. Supp. 2d 599, 605 (S.D.N.Y. 2012), <u>aff'd</u>, 508 Fed. Appx. 83 (2d

Cir. Jan. 28, 2013)), and that such injury "'must be independent of the loss caused by the alleged

breach of contract.'" <u>Funk v. Allstate Ins. Co.</u>, 2013 WL 6537031, at *5 (citing <u>Spagnola v.</u>

<u>Chubb Corp.</u>, 574 F.3d 64, 74 (2d Cir. 2009)); <u>Dufficy v. Nationwide Mut. Fire Ins. Co.</u>, 2013

WL 6248529, at *4 (citing same, additional citations omitted).  The courts concluded that the

plaintiffs "[did] not allege any losses allegedly sustained by them as a result of Defendant's

allegedly deceptive acts, practices or advertisement[,] much less one that is independent of the

loss caused by Defendant's purported breach of contract;" therefore, the causes of action arising

under New York General Business Law §§ 349, 350 were *sua sponte* dismissed.  <u>Funk v. Allstate</u>

<u>Ins. Co.</u>, 2013 WL 6537031, at *5; <u>Dufficy v. Nationwide Mut. Fire Ins. Co.</u>,  2013 WL

6248529, at *4.

      To the extent that punitive damages and attorney's fees were sought in these Hurricane

Sandy cases as tied to claims of bad faith and fair dealing, fraudulent misrepresentation and

inducement, and violations of Sections 349 and 350 of the New York General Business Law,

these requests for damages were also dismissed.  <u>See</u> <u>Funk v. Allstate Ins. Co.</u>, 2013 WL

6537031, at *1-5; <u>Dufficy v. Nationwide Mut. Fire Ins. Co.</u>,  2013 WL 6248529, at *1-4; <u>see also</u>

<u>New York Univ. v. Continental Ins. Co.</u>, 87 N.Y.2d 308, 315-20, 324, 639 N.Y.S.2d 283, 286-

90, 292 (1995); <u>Rocanova v. Equitable Life Assur. Socy. of U.S.</u>, 83 N.Y.2d 603, 613-17, 612

N.Y.S.2d 339, 342-45 (1994).  In <u>Rocanova v. Equitable Life Assurance Soc'y of the United</u>

<u>States</u>, the New York Court of Appeals held that damages arising from a breach of contract will

ordinarily be limited to contract damages but that punitive damages may be recoverable if
necessary to vindicate a public right. 83 N.Y.2d at 613, 612 N.Y.S.2d at 342. In pleading such a
claim for punitive damages, the Court of Appeals requires allegations that: 1) defendant's
conduct was actionable as an independent tort; 2) the tortious conduct must be egregious as in
"'gross,'" "'morally reprehensible,'" or of "'such wanton dishonesty as to imply a criminal
indifference to civil obligations;'" 3) the conduct must be directed to plaintiff; and 4) it must be
part of a pattern directed at the public generally. New York Univ. v. Continental Ins. Co., 87
N.Y.2d at 315-16, 639 N.Y.S.2d at 287 (internal citations omitted). In the Hurricane Sandy
cases decided by this court, the lack of allegations identifying a tort independent of the contract
breach was determined to be a basis for dismissing the punitive damage claims. Similarly, in
reversing the lower court's denial of the insurer's motion to dismiss the plaintiff's demand for
attorneys' fees, the Court of Appeals in New York Univ. v. Continental Ins. Co., held that it was
"well established that an insured may not recover the expenses incurred in bringing an
affirmative action against an insurer to settle its rights under the policy." Id. at 324, 639
N.Y.S.2d at 292 (citations omitted).

B.    CMO 1

        Based on the clear case authority, and in an effort to avoid wasteful and unnecessary
motion practice before each judge, CMO 1 Ordered the plaintiffs to voluntarily withdraw such
state law claims within 14 days of the Order, or submit a letter to the assigned judge explaining
the legal basis for continuing to pursue these claims in a particular case. Although these claims
were voluntarily withdrawn in some cases, the defendants submitted a letter, dated May 16, 2014,

in which they indicated that, in addition to various deficiencies in discovery, there were a number of cases where plaintiffs had failed to comply with the directive in CMO 1 to dismiss or explain these claims within the time frame set by the CMO. The cases listed in Appendix A, attached hereto, are the cases in which plaintiffs have neither withdrawn such claims nor have they submitted a letter explaining why such claims are viable in these particular cases.

Accordingly, for the reasons set forth above, and based upon plaintiffs' failure to comply with the unambiguous directives contained in CMO 1, it is respectfully recommended that the district judges presiding in each of the above-captioned actions enter an order dismissing the state law claims and claims for damages that are not available under New York law.[2]

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

---

[2]The Court notes that recently in a Hurricane Sandy Case the Honorable Leonard D. Wexler issued an opinion dated May 29, 2014, finding that the federal court had jurisdiction to consider a state law claim of fraud brought against an insurance company, when the claim related to the marketing and sale of a flood insurance policy by the defendant insurer. See Marzocchi v. Selective Ins. Co. Of New York, No. 14 CV 1026, Dkt. No. 21. Judge Wexler found that the action impacted federal funds due to the defendant insurer's participation in the National Flood Insurance Program ("NFIP"), operated by the Federal Emergency Management Agency ("FEMA"), and that the ultimate determination of plaintiff's claim implicated questions of federal law – specifically, the interpretation of regulations and statutory provisions governing NFIP. Id. at 4, 7-9. Given that CMO 1 did not address this particular type of state law claim, this Report and Recommendation does not implicate Judge Wexler's recent Order.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.
Dated: Brooklyn, New York
      June 4, 2014

                                                    /S/   CHERYL L. POLLAK
                                                    Cheryl L. Pollak
                                                    United States Magistrate Judge

                                                    /S/   GARY BROWN
                                                    Gary Brown
                                                    United States Magistrate Judge

                                                    /S/ RAMON E. REYES, JR.
                                                    Ramon E. Reyes, Jr.
                                                      United States Magistrate Judge

**APPENDIX A**

**LIST OF SANDY CASES IN WHICH STATE LAW CLAIMS/PRAYER FOR EXTRA-CONTRACTUAL DAMAGES HAVE NOT BEEN WITHDRAWN/DISMISSED**

The Honorable Carol B. Amon

14-171-CBA-RER

13-5957-CBA-CLP

14-1270-CBA-VVP

14-1268-CBA-CLP


The Honorable Joseph F. Bianco

14-1486-JFB-AKT

14-401-JFB-WDW

13-5989-JFB-ARL

14-1233-JFB-GRB

14-798-JFB-ARL

14-627-JFB-WDW

14-621-JFB-GRB

14-2207-JFB-GRB

14-666-JFB-WDW

14-455-JFB-AKT

13-5901-JFB-ARL

14-461-JFB-WDW

14-462-JFB-AKT

14-465-JFB-AKT

14-472-JFB-WDW

1

The Honorable Frederic Block

14-684-FB-VVP

14-426-FB-SMG

13-7312-FB-RML

14-1259-FB-RML


The Honorable Margo K. Brodie

14-860-MKB-RLM


The Honorable Pamela K. Chen

13-1552-PKC-RER

14-691-PKC-SMG

14-1265-PKC-JMA

14-625-PKC-CLP

14-243-PKC-VVP


The Honorable Brian M. Cogan

14-1271-BMC-SMG


The Honorable Raymond J. Dearie

14-1393-RJD-JO

14-801-RJD-MDG

14-700-RJD-LB

14-862-RJD-JO

14-693-RJD-JMA

2

The Honorable Sandra J. Feuerstein

14-607-SJF-WDW

13-6478-SJF-ARL

14-406-SJF-ARL

13-6000-SJF-AKT

14-174-SJF-ARL

14-436-SJF-GRB

14-443-SJF-GRB

14-668-SJF-GRB

14-175-SJF-ARL

13-2079-SJF-GRB

13-6021-SJF-ARL

13-5911-SJF-AKT

14-624-SJF-WDW

14-168-SJF-ARL

14-454-SJF-WDW

14-477-SJF-ARL

14-173-SJF-WDW

14-626-SJF-AKT

13-6020-SJF-GRB

14-470-SJF-ARL

14-473-SJF-ARL

14-178-SJF-ARL


The Honorable Nina Gerson

13-7394-NG-SMG

3

The Honorable I. Leo Glasser

14-425-ILG-RLM

14-686-ILG-RER

14-846-ILG-MDG

14-861-ILG-RML


The Honorable John Gleeson

14-389-JG-SMG

13-5954-JG-VMS

14-682-JG-LB

13-7299-JG-JO

14-628-JG-MDG


The Honorable Dora L. Irizarry

14-709-DLI-LB

14-177-DLI-RLM

14-427-DLI-RER

14-1321-DLI-MDG

14-1262-DLI-RML


The Honorable Edward R. Korman

14-692-ERK-CLP

13-7013-ERK-MDG

4

The Honorable William F. Kuntz, II

14-387-WFK-RLM

13-7393-WFK-JMA

14-696-WFK-RML


The Honorable Kiyo A. Matsumoto

13-7302-KAM-CLP

14-1013-KAM-VVP

14-701-KAM-JO

14-1563-KAM-SMG

14-702-KAM-RLM


The Honorable Rosylnn R. Mauskopf

14-170-RRM-LB

14-2250-RRM-RML

14-1272-RRM-MDG

13-6002-RRM-JMA

13-7313-RRM-MDG

14-428-RRM-JMA

13-07311-RRM-VVP


The Honorable Allyne R. Ross

14-695-ARR-CLP

13-7359-ARR-LB

The Honorable Joanna Seybert

13-5925-JS-WDW

13-5924-JS-WDW

14-405-JS-ARL

14-407-JS-WDW

14-408-JS-GRB

14-409-JS-ARL

14-410-JS-ARL

14-667-JS-AKT

14-440-JS-GRB

14-665-JS-ARL

13-5642-JS-ARL

13-5997-JS-AKT

14-494-JS-ARL

13-6158-JS-GRB

13-5993-JS-WDW

14-469-JS-WDW

14-2000-JS-ARL

14-476-JS-ARL

6

The Honorable Arthur D. Spatt

14-402-ADS-AKT

13-5994-ADS-ARL

14-172-ADS-GRB

14-1527-ADS-GRB

14-437-ADS-ARL

14-439-ADS-WDW

14-441-ADS-GRB

14-446-ADS-GRB

14-166-ADS-AKT

14-447-ADS-AKT

14-448-ADS-GRB

14-449-ADS-WDW

13-6995-ADS-AKT

13-5906-ADS-WDW

13-5906-ADS-WDW

14-456-ADS-AKT

14-464-ADS-GRB

14-467-ADS-ARL

14-468-ADS-WDW

14-475-ADS-AKT

The Honorable Sandra L. Townes

14-683-SLT-RLM

13-5932-SLT-SMG

14-113-SLT-SMG

14-1288-SLT-JMA


The Honorable Eric N. Vitaliano

13-5958-ENV-JO

13-7310-ENV-VVP

13-7068-ENV-VVP

14-620-ENV-RML

14-429-ENV-RLM


The Honorable Leonard D. Wexler

14-400-LDW-WDW

14-403-LDW-ARL

14-404-LDW-GRB

14-411-LDW-AKT

14-438-LDW-GRB

14-169-LDW-AKT

14-442-LDW-AKT

14-445-LDW-AKT

13-7297-LDW-GRB

14-451-LDW-WDW

14-452-LDW-GRB

14-176-LDW-AKT

8

14-457-LDW-WDW

14-460-LDW-GRB

14-1596-LDW-AKT

14-463-LDW-GRB

14-2102-LDW-ARL

14-1704-LDW-GRB

13-4775-LDW-GRB

The Honorable Gary R. Brown

14-1539-GRB

9