UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
ROBERT TOUSSIE,

              Plaintiff,

  -against-                        **MEMORANDUM AND ORDER**
                                     Case No. 14-CV-2705 (FB) (CLP)
ALLSTATE INSURANCE
COMPANY; ALAN RODRIGUEZ
INSURANCE AGENCY, INC.;
GEORGE J. SCHLOTT, INC.; ALAN
RODRIGUEZ, individually; and
GEORGE J. SCHLOTT, individually,

              Defendants.
-----------------------------------------------x

*Appearances:*
*For the Plaintiff*:
MARK E. GOIDELL, ESQ.
666 Old Country Road, Suite 700
Garden City, New York 11530

*For Defendant Allstate Insurance Co.:*
J. MICHAEL PENNEKAMP, ESQ.
Fowler White Burnett, P.A.
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131

PATRICK W. BROPHY, ESQ.
McMahon, Martine & Gallagher, LLP
55 Washington Street, Suite 270
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

On January 25, 2016, defendant Allstate Insurance Company ("Allstate") moved to dismiss the complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6). While the motion was pending, and prior to answer, Allstate and the plaintiff both moved for summary judgment under Rule 56. All motions are

outstanding.

During oral argument on the motions, the parties referenced facts—apparently undisputed—that may have some bearing on the just resolution of this case. Although the plaintiff seeks to recover for the damages occasioned by Hurricane Sandy to one of his properties on the ground that Allstate incorrectly applied the premium payment to a different policy covering another one of the plaintiff's properties damaged by Hurricane Sandy, he apparently previously recovered on the policy to which the payment was incorrectly applied. Thus, if summary judgment were granted to the plaintiff, he would arguably be the recipient of a windfall since he would receive a double recovery for the same single premium payment. "[C]ourts can and should preclude double recovery by an individual." *General Tel. Co. v. EEOC*, 446 U.S. 318, 333 (1980). Yet, since summary judgment is sought prior to answer, granting summary judgment to plaintiff at this stage of the litigation would preclude Allstate from answering and raising affirmative defenses or counterclaims relative to this issue.

Rule 56(b) allows a summary judgment motion to be made "at any time." But courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete. *See, e.g.*, *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 846 (3d Cir. 1992) (reversing summary judgment entered when several

2

depositions remained to be taken); *Murrell v. Bennett*, 615 F.2d 306, 315 (5th Cir. 1980) (reversing summary judgment entered before discovery had begun). They have also recognized that "in many cases [a motion for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading." *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 188-89 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes).

Federal Rule of Civil Procedure 1 directs district courts to apply the federal rules to secure a "just, speedy, and inexpensive" determination of an action. It would be manifestly unjust and a waste of judicial resources if all relevant claims could not be adjudicated in this litigation because plaintiff had sought summary judgment prior to answer. Under the circumstances of this case, therefore, both motions for summary judgment are premature. *Cf. Elliott Assocs., L.P. v. Republic of Peru*, 961 F. Supp. 83, 86 (S.D.N.Y. 1997) ("It is the duty of this court under Rule 56[(d)] to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment." (internal quotation marks omitted)).

The denial of summary judgment, in turn, revives Allstate's Rule 12(b)(6) motion to dismiss. Plaintiff has clearly alleged a plausible claim for recovery by reason of the acknowledged misapplication of his premium payment; hence, the

3

motion is denied. The summary judgment motions are also denied as premature; they may be revived after issue is joined and appropriate discovery on any new matters is completed.

**SO ORDERED.**

/S/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 30, 2016