```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROBERT TOUSSIE,

                    Plaintiff,
                                                            ORDER
          -against-                               14 CV 2705 (FB) (CLP)

ALLSTATE INSURANCE CO. et al.,

                    Defendants.
------------------------------------------------------------ X
ROBERT TOUSSIE and LAURA TOUSSIE,

                    Plaintiffs,

          -against-                               15 CV 5235 (ARR) (CLP)

ALLSTATE INSURANCE CO.,

                    Defendant.
------------------------------------------------------------ X
```

**POLLAK**, United States Magistrate Judge:

Currently before the Court is a motion by the plaintiffs in these related actions to impose limits on the Court-ordered inspection of premises scheduled for October 30, 2017. (See Pls.' Mot.,[1] Oct. 25, 2017). The Court previously addressed the inspection in ruling on the plaintiffs' motion for a protective order and to quash the subpoena directed to the premises' owner, Christie's Fine Art Storage Services, and assumes familiarity with the earlier opinion. See Toussie v. Allstate Ins. Co., No. 14 CV 2705, 2017 WL 4773374 (E.D.N.Y. Oct. 20, 2017).

As explained below, plaintiffs' motion is without merit and is therefore denied.

---

[1] Citations to "Pls.' Mot." refer to Plaintiffs' Letter Motion for Discovery filed on October 25, 2017.

DISCUSSION

**A. Plaintiffs' Motion for Discovery Limits**

The Court has reviewed plaintiffs' motion seeking to impose limits on the inspection scheduled for October 30, 2017. (See Pls.' Mot. at 1-2). The motion largely seeks the same relief already denied by the Court in ruling on the plaintiffs' motion to quash. Toussie v. Allstate Ins. Co., 2017 WL 4773374, at *2-5. (See Mot. to Quash,[2] Oct. 17, 2017). Although plaintiffs purport to raise new concerns, Mr. Toussie's Affidavit explains that "it was substantially for [the reasons raised in the current motion] that objections were lodged to conducting the inspection[.]" (Toussie Aff., Oct. 26, 2017, ECF No. 115). Even if the matters raised in the motion and affidavit were new, there is no reason plaintiffs or their counsel could not have presented them to the Court earlier. Furthermore, plaintiffs have provided no justification for yet another untimely filing, nor have they at all addressed the concerns repeatedly raised by the Court about their delay of discovery in these actions.

Nonetheless, the Court has reviewed the motion and supporting affidavit and discerns no reason to modify or supplement its earlier Order regarding the inspection. The Court agrees with Allstate's submission, which includes pictures of the premises provided by Christie's, that "almost every box is going to require moving in order to carefully inspect its contents." (Def.'s Opp'n[3] at 2, Oct. 27, 2017). The Court is persuaded that the process outlined by Allstate and the procedure provided by the Federal Rules sufficiently address the issues raised by the plaintiffs.

---

[2] Citations to "Mot. to Quash" refer to the plaintiffs' Motion to Quash, filed on October 17, 2017.

[3] Citations to "Def.'s Opp'n" refer to Allstate's Response to Plaintiffs' Letter Motion for Discovery, filed on October 27, 2017.

The Court therefore denies plaintiffs' motion seeking to impose limitations on the October 30, 2017 inspection of Christie's premises. The Court once again "reaffirms its earlier rulings permitting an inspection of Christie's as described in Allstate's subpoena." Toussie v. Allstate Ins. Co., 2017 WL 4773374, at *3.

**B. Plaintiffs' Conduct During Discovery**

The arguments and issues raised in plaintiffs' motion are not at all new, nor are the Court's concerns about plaintiffs' conduct. In its earlier Order, the Court noted that these matters "have been pending for years and . . . discovery has progressed slowly." Toussie v. Allstate Ins. Co., 2017 WL 4773374, at *1. The Court further observed that "this Court has considered these arguments [by plaintiffs] and twice ruled that an inspection is warranted[.]" Id. at *2; see id. (explaining that "[p]laintiffs' concerns are not tethered to the realities of these cases"). The October 20, 2017 Order marked the third time the Court ruled on these and related issues. See, e.g., id. at *3 (ruling that "[g]iven the delay engendered by the inconsistencies noted by the defendant, and because the issue of what property remains in the plaintiffs' possession and what property was lost during Hurricane Sandy is central to this litigation, the Court reaffirms its earlier rulings permitting an inspection of Christie's as described in Allstate's subpoena"). Remarkably, this Order marks the fourth time the Court has ruled on these concerns.

The Court is deeply troubled by the pattern of seeking to thwart proper discovery requests and to delay this litigation. That plaintiffs chose to file, less than two business days before the scheduled inspection and without conferring with Allstate, a motion seeking relief the Court already denied *three* times—and that Mr. Toussie swore in his Affidavit that he has been aware of all of the issues raised for quite some time—makes the motion even more troubling.

3

The Federal Rules prohibit frivolous motions, as well as those that are interposed for an improper purpose. See, e.g., Fed. R. Civ. P. 11(b)(1), (2); id. R. 26(g)(1)(B). Sanctions for violating the certification requirements of Rule 26 are mandatory. See Fed. R. Civ. P. 26(g)(3) (providing that "[i]f a certification violates this rule . . . the court, on motion or on its own, *must* impose an appropriate sanction") (emphasis added). It would be generous to conclude that the instant filing "strays perilously close to the line drawn by Rule[s] 11" and 26 of the Federal Rules of Civil Procedure. Demirovic v. Ortega, No. 15 CV 327, 2017 WL 4621089, at *2 n.7 (E.D.N.Y. Oct. 13, 2017) (internal quotation marks omitted) (quoting Point 4 Data Corp. v. Tri-State Surgical Supply & Equipment Ltd., No. 11 CV 726, 2015 WL 13037562, at *12 (E.D.N.Y. Sept. 10, 2015)). Although sanctions have not been requested at this time, the Court expects that going forward, plaintiffs and their counsel will adhere to the Federal Rules and this Court's prior Orders and will not continue to re-litigate the same issues previously decided by the Court.

CONCLUSION

For the reasons set forth above, the Court denies plaintiffs' motion to limit the October 30, 2017 inspection of Christie's premises.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 27, 2017

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York