UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROBERT TOUSSIE,

                Plaintiff,

                **ORDER**

      -against-                14 CV 2705 (FB) (CLP)

ALLSTATE INSURANCE CO. *et al.*,

                Defendants.
------------------------------------------------------------ X
ROBERT TOUSSIE and LAURA TOUSSIE,

                Plaintiffs,

      -against-                15 CV 5235 (ARR) (CLP)

ALLSTATE INSURANCE CO.,

                Defendant.
------------------------------------------------------------ X
**POLLAK**, United States Magistrate Judge:

On April 30, 2014, plaintiff Robert Toussie commenced an action against Allstate

Insurance Company ("Allstate" or the "defendant"), Alan Rodriguez Insurance Agency, Inc.,

George J. Schlott, Inc., Alan Rodriguez, and George Schlott (collectively, "defendants"),

alleging that the defendants had improperly adjusted and mishandled his claims for damages

caused to his property, located at 290 Exeter Street, Brooklyn, New York (the "Property"), as a

result of Hurricane Sandy, in violation of an insurance contract between the parties (the "Flood

Case").

On September 10, 2015, in a related action (the "Theft Case"), plaintiffs Robert Toussie

and Laura Toussie alleged that Allstate improperly adjusted and mishandled plaintiffs' claims for

losses incurred by plaintiffs when thieves allegedly vandalized their Property in the days

following Hurricane Sandy.

The Court has previously addressed discovery in this matter several times, and assumes familiarity with its earlier opinions.  See, e.g., Toussie v. Allstate Ins. Co., No. 14 CV 2705, 2017 WL 4773374 (E.D.N.Y. Oct. 20, 2017).  On November 3, 2017, the Court held a telephone conference to discuss the status of discovery in these related matters.  (See Minute Entry, Nov. 3, 2017).  The Court's rulings from the conference are set forth below.

DISCUSSION

**A.  Inspection of Christie's Storage Unit**

On October 23, 2017, the Court issued a so-ordered subpoena directed to Christie's Fine Art Storage Services ("Christie's") to allow the inspection of the contents of several storage units the plaintiffs maintain there.  (See Order, Oct. 23, 2017, ECF No. 113).  The inspection began on October 30, 2017.  Over the course of one day, the parties were only able to inspect eight boxes out of several dozen.

1.  Duration of the Inspection

At the conference, the parties explained that Christie's has advised them that, despite this Court's Order to allow the inspection and the parties' compensating Christie's for use of its resources and personnel, Christie's will only allow the parties one more day in which to complete the inspection.  The Court therefore clarifies that Christie's is **ORDERED** to make the storage space available and to permit the inspection to continue from day to day as scheduled by the parties, until the inspection has been completed or until further order of this Court.

2. Protocol for the Inspection

The Court, like the parties, is concerned about the enormous amount of time the inspection may take if it continues to proceed at its current pace. The parties are therefore ordered to explore options to expedite the inspection, including, if appropriate, hiring another professional to unbox and handle items, as well as another videographer. Defense counsel also has agreed to prioritize the inspection of boxes that match items for which the Toussies presented claims under the policies at issue in this litigation, as well as boxes the contents of which counsel is unable to discern.

3. Plaintiffs Presence at the Inspection

Plaintiffs' counsel explained that Mr. Toussie is subject to residency requirements in the State of Florida and will be away from New York for six months or more. She therefore requested that the Court halt the inspection for the time during which Mr. Toussie is away from New York. Rule 34 of the Federal Rules of Civil Procedure contains no requirement that the party attend any inspection. See Fed. R. Civ. P. 34. As the Court has repeatedly admonished the plaintiffs, they chose to file the instant lawsuits, and in doing so voluntarily assumed the obligations attendant to litigation. Such obligations include participating in discovery in a manner that will "secure the . . . speedy determination of [this] action." Fed. R. Civ. P. 1. As explained at length in the Court's previous opinions, the plaintiffs have delayed this litigation unnecessarily over the past three years. While the Court has discretion to limit discovery under Federal Rule of Civil Procedure 26, it would be inappropriate to exercise such discretion in these circumstances. The inspection shall continue as ordered, even in the absence of Mr. Toussie.

**B. Removal of Boxes**

Beginning on November 12, 2016, only shortly after defendants announced their intention to seek inspection of the storage unit, plaintiffs allegedly removed approximately 60 boxes from the storage unit over the course of eight days. Plaintiffs' counsel represented to the Court that those boxes contained children's toys and clothing. The Court agrees with defense counsel that it would seem implausible to store dozens of boxes of children's toys at a fine art warehouse. As the Court explained at the telephone conference, defense counsel may serve interrogatories and requests for production regarding the missing boxes to determine where the boxes were and where they were taken. If plaintiffs violated their duty to preserve evidence for reasonably anticipated litigation, defendants are free to bring a motion seeking sanctions for spoliation.

**C. Continued Preservation Order**

The Court previously concluded that, in light of the significant concerns regarding spoliation by plaintiffs, and considering the possibility of irreparable harm to the defendants if evidence were to be lost, it was appropriate to enter a preservation order. Toussie v. Allstate Ins. Co., 2017 WL 4773374, at *4-5. Given that the inspection has not concluded and that the concerns regarding spoliation have not abated, the Court concludes it is appropriate to continue the preservation order.

The Court therefore Orders that plaintiffs, Robert Toussie and Laura Toussie, as well as their agents, employees, or any other person acting on their behalf, are enjoined from removing any boxes or property from the storage units located at Christie's Fine Art Storage Services, 100 Imlay Street, Brooklyn, NY 11231, absent permission from this Court. This prohibition shall

remain in place until the earlier of January 15, 2018 or the conclusion of the inspection of the premises.

## CONCLUSION

For the reasons set forth above, the Court confirms that the Court-ordered subpoena dated October 23, 2017 continues in effect and Christie's Fine Art and Storage Services is **ORDERED** to make the storage space at 100 Imlay Street, Brooklyn, NY 11231, available and to permit the inspection, from day to day as scheduled by the parties, until the inspection has been completed or until further order of this Court.

Furthermore, the plaintiffs, Robert Toussie and Laura Toussie, as well as their agents, employees, or any other person acting on their behalf, are **ENJOINED** from removing any boxes or property from the storage units rented located at Christie's Fine Art Storage Services, 100 Imlay Street, Brooklyn, NY 11231 absent permission from this Court. This prohibition shall remain in place until the earlier of January 15, 2018 or the inspection of the premises by the defendant.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      November 6, 2017

/s/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

5